1  Arthur A. Zorio (SBN 6547)
   Lindsey A. McDougall (SBN 13618)
2  Matthew J. McKissick (SBN 15281)
   Jamie P. Leavitt (SBN 16268)
3  BROWNSTEIN HYATT FARBER SCHRECK, LLP
   100 North City Parkway, Suite 1600
4  Las Vegas, NV 89106-4614
   Telephone:  702.382.2101
5  Facsimile: 702.382.8135
   Email: azorio@bhfs.com
6        lmcdougall@bhfs.com
         mmckissick@bhfs.com
7        jleavitt@bhfs.com

8  *Attorneys for Defendant, Board of Executive
   Protection Professionals, Inc.*

9

10              **UNITED STATES DISTRICT COURT**

11                 **DISTRICT OF NEVADA**

12  ASIS INTERNATIONAL, INC.,
                                          CASE NO.:  2:25-cv-00287-RFB-MDC
13              Plaintiff,

14       v.                               **BOARD OF EXECUTIVE
                                          PROTECTION PROFESSIONALS,
15  BOARD OF EXECUTIVE PROTECTION         INC.'S FIRST AMENDED ANSWER
    PROFESSIONALS, INC.,                  TO COMPLAINT**
16
                Defendant.                **Jury Trial Demanded**
17

18

19       Pursuant to Federal Rules of Civil Procedure 15(a)(1)(A) and 8(b), Defendant Board of

20  Executive Protection Professionals, Inc., a Nevada nonprofit corporation ("BEPP"), by and

21  through its undersigned counsel, hereby submits its First Amended Answer, responding to each of

22  the allegations of Plaintiff ASIS International, Inc. ("ASIS") in its Complaint (ECF No. 1, the

23  "Complaint") as follows:

24  ///

25  ///

26  ///

27  ///

28  ///

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

**INTRODUCTION**[1]

1.      BEPP admits that James Cameron is a member of ASIS; that he states on his LinkedIn profile "James Cameron, CPP… James Cameron is an ASIS International Board Certified Protection Professional, CCP…"; and that BEPP is in the process of developing training materials and a board certification exam for persons to certify that they are Certified Executive Protection Professionals in accord with the American National Standards Institute's ("ANSI") decision to accredit BEPP as a Developer of American National Standards, over the objection of ASIS.  BEPP denies all other allegations in paragraph 1.

2.      BEPP admits that, in 2021, it filed a federal trademark application for the mark CERTIFIED EXECUTIVE PROTECTION PROFESSIONAL (the "CEPP Mark"). BEPP denies all other allegations in paragraph 2.

3.      BEPP admits that James Cameron stated "CEPP references have been removed from the website" after receiving correspondence from ASIS, and further, that BEPP's first federal trademark application for the CEPP Mark was not pursued. BEPP denies all other allegations in paragraph 3.

4.      BEPP admits that it filed a second federal trademark application for the CEPP Mark. BEPP denies all other allegations in paragraph 4.

5.      Paragraph 5 contains a legal conclusion to which no answer is required. To the extent an answer is required, BEPP denies the allegations contained therein.

**PARTIES**

6.      BEPP lacks sufficient information and knowledge to know the truth or falsity of the allegations in paragraph 6, and therefore denies the same.

7.      BEPP admits that Defendant Board of Executive Protection Professionals, Inc., is a Nevada nonprofit corporation with a principal address of 8131 Dolce Flore Ave., Las Vegas, Nevada 89178. BEPP denies any remaining allegations contained in paragraph 7.

---

[1] Each numbered paragraph in this Answer corresponds to the same numbered paragraph in the Complaint.  All headings and subheadings used herein correspond to those used in the Complaint and are provided for ease of reference only. To the extent any heading or subheading constitutes an allegation by ASIS, BEPP denies the same.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

**JURISDICTION AND VENUE**

8.     Paragraph 8 contains a legal conclusion to which no answer is required. To the extent an answer is required, BEPP denies the allegations contained therein.

9.     Paragraph 9 contains a legal conclusion to which no answer is required. To the extent an answer is required, BEPP denies the allegations contained therein.

10.     Paragraph 10 contains a legal conclusion to which no answer is required. To the extent an answer is required, BEPP denies the allegations contained therein.

**FACTS COMMON TO ALL COUNTS**

**A.     ASIS's Business**

11.     BEPP denies the allegations in paragraph 11.

12.     BEPP denies the allegations in paragraph 12.

13.     BEPP denies the allegations in paragraph 13.

14.     BEPP lacks sufficient information and knowledge to know the truth or falsity of the allegations in paragraph 14, and therefore denies the same.

15.     BEPP lacks sufficient information and knowledge to know the truth or falsity of the allegations in paragraph 15, and therefore denies the same.

16.     BEPP lacks sufficient information and knowledge to know the truth or falsity of the allegations in paragraph 16, and therefore denies the same.

17.     BEPP lacks sufficient information and knowledge to know the truth or falsity of the allegations in paragraph 17, and therefore denies the same.

18.     BEPP denies the allegations in paragraph 18.

19.     BEPP denies the allegations in paragraph 19.

20.     BEPP denies the allegations in paragraph 20.

**B.     ASIS's "Certified Protection Professional" and "CPP" Certifications and Marks**

21.     BEPP admits that ASIS claims to offer a certification called "Certified Protection Professional," or "CPP." BEPP lacks sufficient information and knowledge to know the truth or falsity of the remaining allegations in paragraph 21, and therefore denies the same.

22.     BEPP denies the allegations in paragraph 22.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

23.     BEPP admits the allegations in paragraph 23.

24.     BEPP denies the allegations in paragraph 24.

25.     BEPP denies the allegations in paragraph 25.

26.     BEPP admits that ASIS is the current listed owner of each of the United States trademark registrations with registration numbers listed in the chart in paragraph 26 of the Complaint. BEPP lacks sufficient information and knowledge to know the truth or falsity of the remaining allegations in paragraph 26, and therefore denies the same.

27.     BEPP denies the allegations in paragraph 27.

28.     BEPP denies the allegations in paragraph 28.

29.     BEPP denies the allegations in paragraph 29.

30.     BEPP admits the ASIS CPP Marks have the status of "incontestable" as defined in 15 U.S.C. § 1065 and is subject to defenses including, but not limited to, those stated in 15 U.S.C. § 1115(b). BEPP denies the remaining allegations in paragraph 30.

**C.     BEPP's Willfully Infringing Conduct**

31.     BEPP denies the allegations in paragraph 31.

32.     BEPP denies the allegations in paragraph 32.

33.     BEPP admits that BEPP filed a trademark application for the CEPP Mark (U.S. Trademark Serial No. 90643874) on or about April 14, 2021. BEPP lacks sufficient information and knowledge to know the truth or falsity of the remaining allegations in paragraph 33, and therefore denies the same.

34.     BEPP admits that Mr. James Cameron received Exhibit A to the Complaint. The remaining allegations in paragraph 34, including the allegations contained in Exhibit A, constitute argument and legal conclusions for which no response is required; however, to the extent a response is required to the same, the same is denied.

35.     BEPP submits that the allegations in paragraph 35, including the allegations contained in Exhibit A, constitute argument and legal conclusions for which no response is required; however, to the extent a response is required to the same, the same is denied.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

36.     BEPP submits that the document designated as Exhibit B to the Complaint speaks for itself and denies any remaining allegations contained in paragraph 36.

37.     BEPP admits the allegation in paragraph 37 that Mr. Cameron has been a member of ASIS since January 5, 2016.  BEPP denies all other allegations in paragraph 37.

38.     BEPP admits that Mr. Cameron successfully completed ASIS's tests offered by Plaintiff in 2016.  BEPP denies all other allegations in paragraph 38.

39.     BEPP denies the allegations in paragraph 39.

40.     BEPP denies the allegations in paragraph 40.

41.     BEPP denies the allegations in paragraph 41.

42.     BEPP denies the allegations in paragraph 42.

43.     Paragraph 43 contains a legal conclusion to which no answer is required. To the extent an answer is required, BEPP denies the allegations contained therein.

44.     BEPP admits that its first federal trademark application for the CEPP Mark was not pursued. BEPP denies all other allegations in paragraph 44.

45.     BEPP admits that it filed a second federal trademark application for the CEPP Mark. BEPP denies all other allegations in paragraph 45.

46.     BEPP admits that Mr. James Cameron received ASIS's letter dated September 13, 2024 (Exhibit C to the Complaint). The remaining allegations in paragraph 46, including the allegations contained in Exhibit C, constitute argument and legal conclusions for which no response is required; however, to the extent a response is required, the same is denied.

47.     BEPP denies the allegations in paragraph 47.

48.     Paragraph 48 contains a legal conclusion to which no answer is required.  To the extent an answer is required, BEPP denies the allegations contained therein.

## COUNT I

### Willful Trademark Infringement under 15 U.S.C. § 1114

49.     BEPP incorporates by reference its responses to paragraphs 1 through 48 as though fully set forth herein.

50.     Paragraph 50 contains a legal conclusion to which no answer is required. To the extent an answer is required, BEPP denies the allegations contained therein.

51.     BEPP denies the allegations in paragraph 51.

52.     BEPP denies the allegations in paragraph 52.

53.     BEPP denies the allegations in paragraph 53.

54.     BEPP denies the allegations in paragraph 54.

55.     BEPP denies the allegations in paragraph 55.

56.     BEPP denies the allegations in paragraph 56.

**COUNT II**

**Trademark Infringement and Unfair Competition under 15 U.S.C. § 1125**

57.     BEPP incorporates by reference its responses to paragraphs 1 through 48 as though fully set forth herein.

58.     Paragraph 58 contains a legal conclusion to which no answer is required. To the extent an answer is required, BEPP denies the allegations contained therein.

59.     BEPP denies the allegations in paragraph 59.

60.     BEPP denies the allegations in paragraph 60.

61.     BEPP denies the allegations in paragraph 61.

62.     BEPP denies the allegations in paragraph 62.

63.     BEPP denies the allegations in paragraph 63.

**COUNT III**

**Common Law Trademark Infringement**

64.     BEPP incorporates by reference its responses to paragraphs 1 through 48 as though fully set forth herein.

65.     BEPP denies the allegations in paragraph 65.

66.     BEPP denies the allegations in paragraph 66.

67.     BEPP denies the allegations in paragraph 67.

68.     BEPP denies the allegations in paragraph 68.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

**COUNT IV**

**Deceptive Trade Practice – NRS 41.600(2)(e); NRS 598.0915**

69.    BEPP incorporates by reference its responses to paragraphs 1 through 48 as though fully set forth herein.

70.    Paragraph 70 contains a legal conclusion to which no answer is required. To the extent an answer is required, BEPP denies the allegations contained therein.

71.    Paragraph 71 contains a legal conclusion to which no answer is required. To the extent an answer is required, BEPP denies the allegations contained therein.

72.    BEPP denies the allegations in paragraph 72.

73.    BEPP denies the allegations in paragraph 73.

74.    BEPP denies the allegations in paragraph 74.

75.    BEPP denies the allegations in paragraph 75.

**<u>AFFIRMATIVE DEFENSES</u>**

Having answered ASIS's Complaint, BEPP sets forth its affirmative defenses as follows:

<u>First Affirmative Defense</u>

ASIS fails to state a claim upon which relief can be granted.

<u>Second Affirmative Defense</u>

"Certified Protection Professional" and "CPP" are generic.

///
///
///
///
///
///
///
///
///
///

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

1

## <u>JURY DEMAND</u>

2   BEPP demands a trial by jury on all issues triable to a jury.

3

4 Dated: March 31, 2025    BROWNSTEIN HYATT FARBER SCHRECK, LLP

5         By: */s/ Arthur A. Zorio*

6         Arthur A. Zorio (SBN 6547)
          Lindsey A. McDougall (SBN 13618)

7         Matthew J. McKissick (SBN 15281)
          Jamie P. Leavitt (SBN 16268)

8         100 North City Parkway, Suite 1600
          Las Vegas, NV  89106-4614

9         Telephone:  702.382.2101
          Facsimile: 702.382.8135

10        Email: azorio@bhfs.com
            lmcdougall@bhfs.com

11           mmckissick@bhfs.com
            jleavitt@bhfs.com

12        *Attorneys for Defendant, Board of Executive*
         *Protection Professionals, Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to FRCP 5(b), I certify that I am an employee of BROWNSTEIN HYATT

FARBER SCHRECK, LLP, and on this 31st day of March, 2025, I served the document entitled

**BOARD OF EXECUTIVE PROTECTION PROFESSIONALS, INC.'S FIRST AMENDED**

**ANSWER TO COMPLAINT** on the parties listed below via the following:

☐      **VIA FIRST CLASS U.S. MAIL:** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Reno, Nevada for delivery to the following attorneys:

☐      **VIA COURIER FOR PERSONAL DELIVERY:** by delivering a copy of the document to a courier service for personal hand-delivery to the below, whereby the courier signs a certificate specifying the date of actual hand-delivery.

☐      **VIA COURIER:** by delivering a copy of the document to a courier service for over-night delivery to the foregoing parties.

☒      **VIA ELECTRONIC SERVICE:** by electronically filing the document with the Clerk of the Court using the ECF No./eFlex system which served the following parties electronically:

☐      **VIA ELECTRONIC SERVICE:** as an attachment to electronic mail directed to counsel at the email address listed below.

Patrick G. Byrne (SBN 7636)
Erin M. Gettel (SBN 13877)
SNELL & WILMDER L.L.P.
1700 South Pavilion Center Drive, Ste. 700
Las Vegas, NV 89135
Email: pbyrne@swlaw.com
        egettle@swlaw.com

Michael A. Parks (IL 6217230)
(*pro hac vice admitted*)
Sartouk H. Moussavi (IL 6313554)
(*pro hac vice admitted*)
THOMPSON COBURN LLP
55 East Monroe Street, 37th Floor
Chicago, IL 60603
Email: mparks@thompsoncoburn.com
        smoussavi@thompsoncoburn.com

/s/ *Jeff Tillison*
Employee of Brownstein Hyatt Farber Schreck, LLP