# EXHIBIT D

Correspondence Between the Parties on
December 9, 2025

EXHIBIT D

**From:** Moussavi, Sartouk H.
**Sent:** Tuesday, December 9, 2025 3:55 PM
**To:** Zorio, Arthur A.
**Cc:** Tillison, Jeff L.; Jensen, Chelsee C.; McDougall, Lindsey A.; Parks, Michael A.; Erin Gettel; Bement, Brendan M.
**Subject:** RE: ASIS v. BEPP - FRE 408
**Attachments:** RE: ASIS v. BEPP; ASIS-BEPP Stipulation (Redline from BHFS version).pdf; ASIS-BEPP Stipulation (Signed by ASIS).pdf

Art,

We appreciate you finally responding to our emails on this issue. I have attached our email thread on this matter, since you for some reason decided not to respond to our email from yesterday and instead decided to start a new thread.

As to the contentions in your email, they are demonstrably untrue, as the draft we sent you on November 24 was the same in all material aspects to the version you sent us on November 21 (see attached the redline we sent to you on Nov. 24). Similarly, as to your question of why we did not respond to your comments/questions in your Nov. 21 draft about certain terms – every single one of your questions was addressed by us simply accepting the edits that you sought (we only sought to keep the language in paragraph 9 on the parties' positions on fees as opposed your striking of that language and instead including condensed language in paragraph 8). To illustrate this clearly, the table below shows BEPP's questions in connection with its edits from its Nov. 21 draft on the left, and ASIS's acceptance of BEPP's edits on the right in its Nov. 24 draft, mooting each one of your questions.

| BEPP's Nov. 21 Comments/Questions | ASIS's Nov. 24 Draft Accepting BEPP's Edits |
|---|---|
| 5. BEPP submitted to the U.S. Trademark Office notices of abandonment on May 15, 2025 for applications bearing U.S. Serial Nos. 98567993, 98660487, and 98600516. BEPP contends it has not used any of the Accused Marks in commerce, contends it has no revenue given its allegation that no goods or services have been sold under the Accused Marks, and has agreed to not use the Accused Marks as a trademark for goods or services in the future.<br>/ / /<br>/ / /<br><br>Brownstein: Why was this deleted?<br>Reply | 5. BEPP submitted to the U.S. Trademark Office notices of abandonment on May 15, 2025 for applications bearing U.S. Serial Nos. 98567993, 98660487, and 98600516. BEPP contends it has not used any of the Accused Marks in commerce, represents and warrants it has earned no revenue in connection with the Accused Marks, and has agreed to not use the Accused Marks as trademarks for goods or services in the future.[1] |
| II. STIPULATIONS<br>6. BEPP acknowledges and stipulates that ASIS owns valid and enforceable rights in the ASIS CPP Marks.<br>7. ~~Without admitting to~~The parties agree that there is no admission of liability, but ~~instead~~ to forego additional litigation, BEPP permanently and irrevocably agrees:<br><br>Brownstein: Why did you strike this? Why is ASIS not willing to agree to this?<br>Reply | II. STIPULATIONS<br>6. BEPP acknowledges and stipulates that ASIS owns valid and enforceable rights in the ASIS CPP Marks.<br>7. The parties agree that there is no admission of liability, but to forego additional litigation, BEPP permanently and irrevocably agrees: |
| a. That it will not use the Accused Marks ~~or any mark confusingly similar to ASIS's CPP Marks, including, without limitation, in any advertising, website, certification, training, or promotional materials~~as trademarks for any goods or services; andwill not violate 15 U.S.C. §§ 1114 or 1125 with regard to the ASIS Marks;<br>b. Not to apply with the United States Patent and Trademark Office or any other trademark registry for registration in the future for any of the following designations: "Certified Executive Protection<br><br>Brownstein: What is objectionable about this? The only issue is whether the accused marks are going to be used as trademarks. BEPP will not agree to provide ASIS greater rights than the law affords.<br>Reply | a. That it will not use the Accused Marks as trademarks for any goods or services; and will not violate 15 U.S.C. §§ 1114 or 1125 with regard to the ASIS CPP Marks;<br>b. Not to apply with the United States Patent and Trademark Office or any other trademark registry for registration in the future for any of the following designations: "Certified Executive Protection |
| Professional," "Executive Protection Professional," "Close Protection Professional," "CEPP~~," or any colorable imitation thereof."~~; and<br>c. To the extent they exist, to take reasonable steps to remove past references to the Accused Marks used as trademarks from websites, social-media platforms, and marketing materials under BEPP's<br><br>Brownstein: This is objectionable because this provision provides greater rights to ASIS than it now owns with the ASIS Marks.<br>Reply | Professional," "Executive Protection Professional," "Close Protection Professional," "CEPP"; and<br>c. To the extent they exist, to take reasonable steps to remove past references to the Accused Marks used as trademarks from websites, social-media platforms, and marketing materials under BEPP's |
| 8. The Parties agree that this Stipulation resolves all claims for liability ~~in this action~~and damages in this action. Both parties reserve the right to assert claims for attorney's fees and costs.<br>~~9. ASIS contends this is an exceptional case and expressly reserves its right to seek recovery of reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117, 28 U.S.C. § 1927 and other applicable law. BEPP contends that this matter is not an exceptional case and therefore denies that ASIS is entitled to attorney's fees under~~<br><br>Brownstein: Why take this out? What remedies are being sought by ASIS? Is ASIS contending there are damages? Is it going to seek damages (actual or disgorgement of -- non-existent -- profits)? We have agreed to carve out each parties' right to seek attorney fees and costs.<br>November 21, 2025, 10:16 AM<br>Reply | 8. The Parties agree that this Stipulation resolves all claims for liability and damages in this action.<br>9. ASIS contends this is an exceptional case and expressly reserves its right to seek recovery of reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117, 28 U.S.C. § 1927 and other applicable law. BEPP contends that this matter is not an exceptional case and therefore denies that ASIS is entitled to attorney's fees under |



Thus, it appears you are attempting to create issues where none exist, which makes one wonder if BEPP is simply attempting to further prolong this matter while attempting to maintain the pretense of its oft-repeated claim that it is willing to resolve this case. Quite frankly, this episode feels eerily similar to when you eventually sent us the draft NDA you volunteered to prepare, we responded with uncontroversial edits, and then we did not hear back from you for a period of time, only to later learn that your client was unwilling to sign the NDA (which, as you know, Judge Couvillier also did not understand).

To show that ASIS has always been willing to resolve this matter, and that our changes to BEPP's Nov. 21 version were substantively immaterial, ASIS has agreed to accept BEPP's version of the Stipulation that you sent on November 21, in order to resolve the merits portion of this matter. Attached please find a copy of BEPP's Nov. 21 version of the Stipulation executed on behalf of ASIS. Please confirm we can add your e-signature on behalf of BEPP and can file this with the Court today.

Regards,

**Sartouk H. Moussavi**
smoussavi@thompsoncoburn.com
P: 312 580 5082
F: 312 580 2201
M: 312 533 7698

**Thompson Coburn LLP**

55 East Monroe Street 37th Floor
Chicago, IL 60603
www.thompsoncoburn.com

**From:** Zorio, Arthur A. <AZorio@BHFS.com>
**Sent:** Tuesday, December 9, 2025 12:28 PM
**To:** Parks, Michael A. <MParks@thompsoncoburn.com>; Erin Gettel <egettel@swlaw.com>; Moussavi, Sartouk H. <SMoussavi@thompsoncoburn.com>; Bement, Brendan M. <BBement@thompsoncoburn.com>
**Cc:** Tillison, Jeff L. <JTillison@BHFS.com>; Jensen, Chelsee C. <cjensen@bhfs.com>; McDougall, Lindsey A. <LMcDougall@bhfs.com>
**Subject:** ASIS v. BEPP - FRE 408

**RECEIVED FROM EXTERNAL SENDER - USE CAUTION**

BEPP is willing to resolve this matter as it has consistently stated throughout. However, when ASIS first started discussing terms of a resolution, after our settlement conference with Magistrate Couvillier, ASIS has consistently been demanding BEPP agree to terms that are not consistent with any relief ASIS could be entitled to at trial of the instant matter. Further, although ASIS filed suit against the Board of Executive Protection Professionals regarding the "accused marks" referred to in your draft stipulation, ASIS did not include "Board of Executive Protection Professionals" as an accused mark in its complaint and ASIS did not oppose BEPP's trademark application for Board of Executive Protection Professionals. However, ASIS is refusing to acknowledge that has not, and will not, object to BEPP's use of the same.

BEPP also suggested lowering the temperature in section 9; but ASIS apparently does not want to. ASIS has not responded to our comments about why certain items have been taken out of the stipulation. Why?

It is also notable that ASIS has not directly responded to our meet-and-confer letter sent to you on November 14, 2025, even though, ten days later, you said "[w]e will respond in due course, though it likely will not be until sometime next week, given the Thanksgiving holiday." We have received the 32 documents set to us electronically at 6:19 p.m. on Friday, December 5.

Finally, if Mr. Cameron's deposition goes forward, he and Ms. Jensen are available on December 12; however, Ms. Jensen has a personal matter that requires her attention at 5 p.m. I trust you can complete his deposition by then. Please provide to us a start time and location.

I look forward to your response.

***Arthur A. Zorio***
**Brownstein Hyatt Farber Schreck, LLP**
5520 Kietzke Lane, Suite 110
Reno, NV 89511
775.398.3812 tel
azorio@bhfs.com



***Brownstein - we're all in.***

STATEMENT OF CONFIDENTIALITY & DISCLAIMER: The information contained in this email message is attorney privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this email is strictly prohibited. If you have received this email in error, please notify us immediately by calling (303) 223-1300 and delete the message. Thank you.